IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERIC JONES,           )
      Petitioner,  )
vs.                   )   No. 3:08-CV-2204-B
                      )
STATE OF TEXAS,       )
      Respondent.  )

## MEMORANDUM OPINION AND ORDER

Before the Court is petitioner's *First Motion for Extension of Time to File Petition for a Writ of Habeas Corpus by a Person in State Custody* (doc. 1) which was received and filed by the Court on December 11, 2008.[1] Petitioner thereby seeks an order that extends the statutory time period for filing a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. REQUESTED EXTENSION OF TIME

Habeas applications filed pursuant to § 2254 are governed by federal statutes and rules. While 28 U.S.C. § 2244(d) establishes a one-year statute of limitations that applies to petitions for writ of habeas corpus filed pursuant to § 2254, the statute of limitations does not act as a deadline for filing that is subject to extension by order of the Court. Instead, it acts as a bar to consideration of the claims raised in an untimely petition. Because the "1-year period of limitation shall apply" to a § 2254 petition upon its filing, the Court has no authority to extend the one-year period prior to the filing of such a petition. After the filing of such a petition, the Court may statutorily toll the limitations period consistent with the circumstances set forth in § 2244(d)(2) and may equitably toll the limitations period in appropriate circumstances, *see Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.

---

[1] Neither the Federal Rules of Civil Procedure nor the Rules Governing Section 2254 Cases in the United States District Courts [hereinafter Habeas Rules] contemplate such a motion.

1998). For these reasons, the Court denies petitioner's request for an extension of time to file a § 2254 petition.

## II. CONSTRUCTION OF MOTION AS DEFECTIVE PETITION

In some cases, a request for extension of time may be construed as a petition pursuant to § 2254. Habeas Rule 2(c) places five specific requirements on federal habeas petitions, including requirements that the petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Habeas Rule 2(d) also requires that § 2254 petitions "substantially follow" standard forms for such petitions. The filed motion for extension of time does not satisfy any of these requirements.

The Court recognizes that the Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and states that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. However, the instant motion does not contain even one of the elements of a petition. It makes absolutely no reference to any grounds for relief pursuant to § 2254, provides no facts at all to support any such grounds for relief, and does not state the relief to be sought through a habeas petition. It is merely a request for an extension of time to file a petition pursuant to 28 U.S.C. § 2254. Accordingly, the Court cannot construe the motion for extension of time as a defective § 2254 petition.

## III. PROVISION OF APPROPRIATE FORM

The Clerk of the Court is hereby directed to mail petitioner the appropriate form so that he may commence a separate action pursuant to 28 U.S.C. § 2254. Should petitioner file a § 2254

petition he shall explain why he believes it is timely filed or why he believes equitable tolling is warranted. The Court has made no ruling on the limitations issue in this order. Nothing in this order precludes the State from asserting limitations as a defense to a later-filed § 2254 petition. Nothing in this order precludes the Court from raising the limitations issue *sua sponte* if warranted. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (addressing *sua sponte* consideration of the limitations issue in the context of 28 U.S.C. § 2254); Habeas Rule 4.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** petitioner's *First Motion for Extension of Time to File Petition for a Writ of Habeas Corpus by a Person in State Custody* received December 11, 2008, (doc. 1). The **Clerk of the Court is DIRECTED** to mail petitioner a standard form for filing a § 2254 petition in this Court. The **Clerk of the Court is further DIRECTED** to **CLOSE** this civil case.

SO ORDERED.

SIGNED this  16th  day of December, 2008.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE